39; and our conclusion is that the charge was correct.

The only remaining bills of exception to be considered are those which were reserved to the overruling of the motions for a new trial. The only question presented in the motions, not already disposed of, was whether the verdict should have been set aside because of the alleged statement, made by the juror Surgi, that he would hang the defendants if he should be taken on the jury. The evidence taken on trial of the motion showed conclusively that the juror did not make any such statement. There is therefore no merit whatever in this bill of exception; and it has not been seriously argued, either orally or in the briefs filed on behalf of the defendants.

The verdict and sentence against both defendants is affirmed. The right to apply for a rehearing within the time allowed by law is reserved to each of them, because this is the first decree rendered against them by this court, and because some of the questions now decided were not so decided in the original opinion.

PROVOSTY, J., dissents, adhering to the opinion heretofore handed down.

━━━━━

(88 South. 547)

No. 24574.

GUITEREZ v. ESTEVES et al.

In re ESTEVES et al.

(May 2, 1921.)

*(Syllabus by Editorial Staff.)*

Gaming ⬯26(2)—Winner of election bet cannot recover amount of bet, but can recover amount deposited with stakeholder.

Under Civ. Code, art. 2983, declaring the law grants no right of action for the recovery of what has been won by a bet, unless in a game tending to promote skill, one who bet on the successful candidate for nomination for the office of district judge has no right of action to recover the amount of his bet, but, despite article 2984, he can recover the amount which he deposited in the hands of the stakeholder, which the latter paid the other party without authority.

Action by Nicholas Guiterez against August Esteves and another. To review judgment for plaintiff, defendants apply for writs of certiorari, mandamus, and prohibition. Judgment amended by reducing the amount recovered.

B. B. Howard, of New Orleans, for applicants.

O'NIELL, J. The question presented in this case is whether the law allows a right of action to the winner of a bet on the result of an election.

Nicholas Guiterez and August Esteves bet $50 on the result of an election for district judge. Each party deposited his $50 in the hands of Louis Estopinal, as stakeholder. The candidate whom Guiterez bet on was elected. He therefore sued Esteves and Estopinal, in the court of a justice of the peace, for the $100, praying for a judgment against them in solido. Judgment was rendered accordingly. Defendants appealed to the district court, where the case was tried de novo, and the judgment was affirmed. The case is before us on a writ of certiorari issued at the instance of defendants.

There is no dispute about the facts. The bet was made during a campaign for nomination of a candidate for the office of district judge, in a Democratic primary election. The Democratic nomination of a candidate was to be an assurance of his election, because there was no other political party in that judicial district. Immediately after the primary election, the parish executive committee of the Democratic party met, and, on the face of the returns, declared nominated the candidate on whom Esteves had bet.

Thereafter, the secretary of state, having recounted the ballots, proclaimed nominated the candidate on whom Guiterez had bet. The other candidate filed a contest in court, which resulted in a judgment confirming the proclamation of the secretary of state. In the meantime, Estopinal, believing that Esteves had won the bet, paid him the $100. Estopinal admits that he had no authority for paying the money to Esteves, except that the latter told him that he had seen Guiterez, and that the latter had told him (Esteves) "that he could have the money if he had won." This statement is confirmed by the testimony of Guiterez, and is not disputed by any one. After the secretary of state had issued his proclamation, showing that Guiterez had won the bet, Esteves offered to return $50 to Guiterez and call the bet off; but Guiterez declined. Esteves testified: "I was willing to call it off, but Mr. Guiterez said he wanted whole hog or none." From which we infer that Guiterez preferred to gamble on the prospect or result of a contest in court, rather than have his $50 safe in hand. When Guiterez refused to receive the $50, Esteves offered to deposit it with the district attorney; but he also declined to take charge of it. We infer, therefore, that Esteves recognizes his obligation to return the $50 to Guiterez.

In his written opinion, the district judge observes that there is no statute prohibiting betting on elections, except section 1 of Act 213 of 1912 (p. 460), "defining and prohibiting corrupt practices appertaining to elections"; which section only forbids betting by a candidate, or betting by an outsider with intent to procure the challenge of a voter, or to prevent his voting. This case does not present any such feature. The district judge also observes that, by Act 39 of 1839, retained as section 111 of the Revised Statutes of 1856, betting on elections was denounced as a misdemeanor; and that the provisions of the statute were omitted from the Revised Statutes of 1870, and were repealed by the last section thereof, section 3990, declaring all other laws on the subject-matter therein dealt with, except what were contained in the Revised Civil Code, in the Code of Practice, and in the Act of May 4, 1805, for the punishment of crimes and misdemeanors, were thereby repealed.

The question, however, is not whether the betting in this case was a misdemeanor or a violation of a prohibitory law. The question is whether the winner of the bet, which was not unlawful, has a right of action to recover the amount of his bet. Article 2983 of the Civil Code answers the question, by declaring that the law grants no right of action for the recovery of what has been won at gambling, or by a bet, unless it be on a game tending to promote skill, such as markmanship, foot racing, horse racing, chariot racing, etc.; and that, even as to such favored sports, the court may reject a demand to recover a bet if the amount appears to be excessive. Although a campaign for public office, in our scheme of government, does sometimes partake of a foot race, and may even sometimes, unfortunately, demand "skill in the use of arms," it can hardly be regarded as one of the "games tending to promote skill."

The law of the case seems so plain that we are constrained to annul the judgment in so far as it allows Guiterez to collect what he won on the bet; but there is no reason why he should not recover the $50 which he deposited in the hands of the stakeholder, and which the latter paid to Esteves without authority from Guiterez. It is true, article 2984 declares that, in all cases in which the law denies a right of action to the winner of a bet, it also denies a right of action to the loser to recover what he has voluntarily paid, unless there has

been fraud, deceit or swindling on the part of the winner. But plaintiff, in this case, was not the loser, and his suit is not founded upon a voluntary payment made by him. He is suing for the sum which the stakeholded paid to the wrong party, without plaintiff's consent. It is true, plaintiff did not, in his petition, particularly ask for the return of his $50, but the prayer for the whole $100 includes the half of it; and the testimony received without objection shows that both of the defendants recognize that plaintiff is entitled to have his $50 back.

Esteves did not make a legal tender of the $50, or deposit in court, so as to impose upon plaintiff the costs of court.

The judgment appealed from is amended by reducing the amount, which defendants are condemned in solido to pay, to $50, and by reserving to the defendant Estopinal his recourse against the codefendant Esteves, in the event that he (Estopinal) shall have to satisfy the judgment. Defendants are to pay all court costs.